IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TIMOTHY REID,                     :        Case No. 3:12-cv-144

          Petitioner,                District Judge Walter H. Rice
                        :        Magistrate Judge Michael J. Newman
    vs.

WARDEN, CORRECTIONAL            :
RECEPTION CENTER,

         Respondent.                :

---

## REPORT AND RECOMMENDATION[1]

---

This case is now before the Court upon Petitioner Timothy Reid's petition for a writ of

*habeas corpus* pursuant to 28 U.S.C. § 2254 (doc. 1); Respondent's Return of Writ (doc. 7); and

Petitioner's Traverse (doc. 10).

## I.  BACKGROUND

The Montgomery County Ohio Court of Appeals summarized the facts underlying

Petitioner's conviction as follows:[2]

> On April 10, 2008, Christopher Ousley was shot three times by two men outside Nathan's Superette carryout store on Delphis Avenue in Dayton. Reid and his cousin, Lonnie Scandrick, were subsequently arrested for the shooting. When interviewed by police[,] Reid admitted being present during the shooting, but claimed that the shots were fired by Scandrick and another man, Roderick Norvell.

*State v. Reid*, No. 23409, 2010 Ohio App. LEXIS 1415, at *1, 2010 WL 1511428, at *1 (Ohio

Ct. App. Apr. 16, 2010) (brackets added) (doc. 7-10 at PageID 207-08).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] These factual findings are presumed to be correct because Petitioner has not rebutted that presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *Girts v. Yanai*, 501 F.3d 743, 749 (6th Cir. 2007).   This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records.  *Id.*

## A.  Trial Court Proceedings

Defendant was indicted on one count of felony murder; two counts of felonious assault; and one count of having a weapon while under a disability, with a firearm specification attached to each charge.  Doc. 7-1.  Additionally, a repeat violent offender specification was attached to the murder and felonious assault charges.  *Id.*  Petitioner pled not guilty to the charges, and the case proceeded to trial.  Docs. 7-2, 7-36, 7-37, 7-38.

In February 2009, Petitioner's case was tried to a jury in the Montgomery County, Ohio Court of Common Pleas, and the jury convicted Petitioner on all counts in the indictment.[3]  Doc. 7-5.  The trial court separately found Petitioner guilty of the three repeat violent offender specifications.  Doc. 7-38 at PageID 1066-68.

On April 6, 2009, Petitioner was sentenced to a total of 29 years to life imprisonment:  15 years to life for murder; 8 years for each felonious assault count, to be served concurrently to each other and concurrently to the previous prison term; 5 years for having a weapon while under a disability, to be served consecutively to the 15-year prison term; 3 years for each of the firearm specifications, to be served concurrently to each other and consecutively to the previous prison term; and 6 years for each of the repeat violent offender specifications, to be served concurrently to each other and consecutively to the previous prison term.  Doc. 7-6.

## B.  Direct Appeal

Petitioner timely filed a *pro se* Notice of Appeal.  Doc. 7-7.  The Montgomery County, Ohio Court of Appeals appointed appellate counsel, who filed an appellate brief on Petitioner's behalf, asserting five assignments of error:

---

[3] Prior to trial, Petitioner filed a motion *in limine* to exclude the admission of his prior murder conviction in Arizona.  Doc. 7-3.  Additionally, Petitioner filed a motion "to exclude any evidence relating to other crimes, wrongs or acts."  Doc. 7-4.  The court orally ruled that the State could admit Petitioner's prior murder conviction in order to prove the having a weapon while under a disability charge.  Doc. 7-37 at PageID 546-47.

1.   The trial court erred and abused its discretion, violated the rules of evidence, denying Appellant a fair trial and due process of law, on the charges against him, including murder and felonious assault, by allowing the State to introduce and argue his prior conviction in Arizona for murder in the first degree, irreparably and unfairly prejudicing the jury against him, and far outweighing any probative value. (*Old Chief v United States* (1997), 519 U.S. 172, *applied*);

2.   The failure of trial counsel to offer to stipulate that Mr. Reid was a convicted felon for a crime of violence or to object to the introduction of the name and nature of the prior conviction for murder in the first degree, denied him his constitutional right under the Sixth Amendment to effective assistance of counsel;

3.   The trial court erred and abused its discretion in convicting and sentencing [Defendant] for allied crimes of similar import that should have been merged;

4.   The trial court erred in submitting to the jury and sentencing for specifications on Count 6, felony-murder, and the underlying counts, 7 and 8, felonious assault, and the HWWD, Count 9, as duplicitous; and

5.   The trial court erred in allowing the offense of complicity to enter the trial and instructing the jury since the offense was not charged in the indictment.

Doc. 7-8 at PageID 91-92 (brackets added; capitalization altered).  On April 16, 2010, the Ohio

Court of Appeals overruled Petitioner's first, second, fourth and fifth assignments of error.  Doc.

7-10.  However, the Court of Appeals sustained in part and overruled in part his third assignment

of error.  *Id.* at PageID 214-21.  The court remanded the case to the trial court to merge the two

felonious assault offenses, and to further merge the felony murder offense with the surviving

felonious assault offense, and then to re-sentence Petitioner accordingly.  *Id.* at PageID 223-24.

With the assistance of counsel, Petitioner appealed to the Supreme Court of Ohio, setting

forth two propositions of law:

1.   It is an abuse of discretion for a trial court to allow the use and admission of evidence of the name and nature of a prior conviction of the defendant, for an identical or substantially similar crime, because the danger of unfairly prejudicing the jury against the defendant resulting in propensity reasoning and finding guilt based on the prior bad conduct, far outweighs

3

its probative value. (*Old Chief v. United States* (1997), 519 U.S. 172, *followed and approved*); and

2.  Where defense counsel does not object, propose a stipulation, or otherwise seek alternatives to avoid the highly prejudicial admission into evidence of the name and nature of a prior conviction for an identical or substantially similar offense, the defendant has been denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

Doc. 7-16 at PageID 248.  The State filed a cross-appeal, setting forth one proposition of law: "Felonious assault and felony murder predicated upon felonious assault are not allied offenses of similar import."  Doc. 7-18 at PageID 297.

On October 13, 2010, the Supreme Court of Ohio dismissed Petitioner's appeal and the State's cross-appeal as not involving any substantial constitutional question.  Doc. 7-20. Petitioner unsuccessfully moved for reconsideration.  Docs. 7-21, 7-23.

On March 1, 2011, Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.  Doc. 7-24.  On June 27, 2011, the Court denied the petition.  Doc. 7-25.

### C.  Other State Court Proceedings

In April 2010, with the assistance of counsel, Petitioner filed three motions in the Montgomery County Court of Appeals:  one motion for reconsideration (doc. 7-26); and two motions to certify its judgment as in conflict with the judgments of other Ohio Courts of Appeals (docs. 7-27, 7-28).  On May 19, 2010, the Court of Appeals denied all three motions.  Docs. 7-31, 7-32.

### D.  Re-sentencing

On November 1, 2010, Petitioner was brought before the trial court and re-sentenced in accordance with the Ohio Court of Appeals' decision.  Doc. 7-12.  The court merged the felonious assault counts together, merged the felonious assault count with the murder conviction, and merged the firearm specifications.  *Id.*  Petitioner ultimately received the same aggregate

4

sentence of 29 years to life imprisonment: 15 years to life for felony murder; 5 years for having a

weapon while under a disability; 3 years for the firearm specification; and 6 years for the repeat

violent offender specification.  *Id.*

### E. *Habeas* Petition

Petitioner filed a petition for a writ of *habeas corpus* on May 18, 2012.  Doc. 1.  He

pleads five grounds for relief:

> GROUND ONE:  Admission of the prior conviction was plain error;
>
> Supporting Facts:  The trial court erred and abused its discretion, violated the
> rules of evidence denying appellant a fair trial and due process of law on the
> charges against him, including murder and felonious assault, by allowing the State
> to introduce and argue his prior conviction in Arizona for murder in the 1st
> degree, irreparably and unfairly prejudicing the jury against him, and far
> outweighing any probative value this error of omission permeated the trial;
>
> GROUND TWO:  Ineffective assistance of counsel;
>
> Supporting Facts:  The failure of trial counsel to offer to stipulate that Mr. Reid
> was a convicted felon for the crime of violence or to object to the introduction of
> the name and nature of the prior conviction of 1st degree murder, denied him his
> constitutional right under the 6th amendment to effective assistance of counsel;
>
> GROUND THREE:  Sentenced for allied crimes;
>
> Supporting Facts:  The trial court erred and abused its discretion in convicting and
> sentencing for allied crimes of similar import that should have been merged;
>
> GROUND FOUR:  Sentenced as duplicitous counts;
>
> Supporting Facts:  The trial court erred in submitting to the jury and sentencing
> for specifications on Count 6, felony murder, and the underlying counts, 7 and 8,
> felonious assault, HWWD, Count 9, as duplicitous;
>
> GROUND FIVE:  The trial court erred in allowing the offense of complicity to
> enter the trial and instructing the jury since the offense was not charged in the
> indictment.

*Id.* at PageID 5-10 (capitalization altered).

## II.  ANALYSIS

### A.  AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08.  "A state court's determination that a claim lacks merit precludes *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011) (citation omitted).

In reviewing a *habeas* petitioner's claims under 28 U.S.C. § 2254(d)(1), the Court is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).  Further, a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This statutory presumption of correctness also extends to factual findings made by a state appellate court's review of the trial record. *Girts*, *supra* note 2,

501 F.3d at 749.

Under principles of comity, the state courts should have the first opportunity to hear *habeas* claims and provide any necessary relief.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).  Accordingly, a federal *habeas* petitioner must exhaust his or her state court remedies -- by fairly presenting his or her constitutional claims to the state's highest court -- before raising them in federal court.  28 U.S.C. § 2254(b); *O'Sullivan,* 526 U.S. at 844-45.  If (1) the state court rejected the petitioner's claim based on his or her failure to comply with a state procedural rule, or (2) the petitioner failed to exhaust his or her state court remedies and no avenue of relief remains open, or it would otherwise be futile to pursue the state remedies, the petitioner has waived that claim for *habeas* review under the procedural default doctrine.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

### B.  Ground One

In Ground One, Petitioner claims "the trial court erred and abused its discretion, violated the rules of evidence denying [him] a fair trial and due process of law…by allowing the State to introduce…his prior conviction in Arizona for murder in the 1st degree."  Doc. 1 at PageID 5.  Claims involving the admissibility of evidence under state law are generally not cognizable in federal *habeas corpus*.  *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).  Only in limited circumstances, "[w]hen an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant *habeas* relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  However, "courts have defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Id.* (internal citations omitted).

Ground One fails on the merits because Petitioner has not shown that the admission of his prior murder conviction in Arizona was contrary to, or an unreasonable application of, clearly

established Supreme Court precedent.[4]  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 405-08.

Petitioner has cited no Supreme Court case holding that it is a due process violation to admit

evidence of a prior conviction.  *See* docs. 1, 10.  To the contrary, in *Spencer v. Texas*, 385 U.S.

554 (1967), the Supreme Court rejected such an argument -- finding there was no due process

violation when a defendant's prior conviction was admitted into evidence to prove the elements

of a habitual offender statute, and limiting instructions were given to the jury.  *Id.* at 563-66.

Petitioner erroneously relies on *Old Chief v. United States*, 519 U.S. 172 (1997) to support his

claim in Ground One.  *See* doc. 10 at PageID 1083-89.  *Old Chief* ruled on the admissibility of

"prior bad acts" under the Federal Rules of Evidence, which are not applicable to Ohio courts,

*see Wright v. Warden*, No. 1:11-cv-105, 2012 U.S. Dist. LEXIS 24428, at *11, 2012 WL

628462, at *4 (S.D. Ohio Feb. 27, 2012), and made no finding as to whether the admission was a

violation of the United States Constitution.  *Old Chief*, 519 U.S. at 180-92.  Accordingly, absent

a showing of clearly established Supreme Court precedent, Petitioner is not entitled to *habeas*

relief under Ground One.  *See Bugh*, 329 F.3d at 512-13; *accord Jordan v. Sheets*, No. 2:10-cv-

34, 2012 U.S. Dist. LEXIS 21001, at *51-53, 2012 WL 553091, at *18-19 (S.D. Ohio Feb. 21,

2012).

## C.  Ground Two

In Ground Two, Petitioner claims his trial attorney's failure to offer a stipulation or

---

[4] Respondent alternatively argues that Ground One is procedurally barred because the Ohio Court of Appeals -- finding Petitioner's counsel failed to contemporaneously object to the admission of the prior murder conviction -- reviewed the claim for plain error only.  *See* doc. 7 at PageID 49.  Whether or not Petitioner's counsel adequately objected to the admissibility of the prior murder conviction is unclear. Petitioner's counsel did file a motion *in limine* and a motion "to exclude any evidence relating to other crimes, wrongs or acts."  Docs. 7-3, 7-4.  Yet when the motions were discussed with the trial judge before trial, defense counsel appeared to be in agreement with the admission of the prior murder conviction -- for the limited purpose of proving the 'having a weapon while under a disability' charge.  *See* doc. 7-37 at PageID 545-50.  Nonetheless, Petitioner's counsel requested that the certified copy of the judgment entry for his murder conviction be redacted so that it did not include the sentence, a request which was granted. *See id.* In the interest of judicial economy, the Court disposes of Ground One on the merits rather than under the procedural default doctrine.  *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

object to evidence of his prior murder conviction deprived him of the Sixth Amendment right to the effective assistance of counsel.  *See* doc. 1 at PageID 6; doc. 10 at PageID 1089-93.  This claim was properly preserved for *habeas* review.  The Ohio Court of Appeals considered this claim, and concluded that Petitioner failed to establish a Sixth Amendment violation:

> Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id.*; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
>
> A proper stipulation would have avoided the need for the proof of Defendant's prior conviction that the State offered and the court admitted in evidence. The jury would yet be aware of the prior conviction, however, on the court's instruction that the jury must find that Defendant had previously been convicted of a felony offense of violence.
>
> More efficient methods to avoid prejudicing the Defendant exist. Defendant could have entered a guilty plea to the weapons under disability offense. Alternatively, he could have waived his right to a jury trial on that charge, permitting it to be determined by the court. Either alternative would have wholly avoided any need to inform the jury of Defendant's prior conviction, avoiding the potential prejudice that evidence might have with respect to the murder and felonious assault charges.
>
> The difficulty with these speculations is just that: they are speculations. Defendant's acquiescence in any of these alternatives would be necessary. We cannot know from this record whether counsel recommended a stipulation, a guilty plea, or a jury waiver to Defendant, that Defendant rejected. If counsel did, counsel cannot be found to have violated an essential duty because Defendant rejected counsel's advice. Absent evidence that the advice was not given, Defendant has failed to demonstrate that counsel was ineffective for failing to give that advice.
>
> Even were we to make the assumptions those speculations require, ineffective assistance is not demonstrated. Defendant's version of these events was that another man, Roderick Norvell, acted with Lonnie Scandrick in shooting Ousley. Defendant's counsel in her closing argument contended that law enforcement officers had ignored Norvell, "but they arrested Timothy Reid for this. Why, because he's Lonnie's cousin. Why, because he has this conviction in Arizona." (T. 536).
>
> Defendant's counsel filed a pretrial liminal motion to exclude evidence of Defendant's Arizona conviction. The trial court properly denied the motion because the State had a right and need to introduce the evidence. Once that effort failed, counsel may have concluded that she could exploit the State's evidence to

> Defendant's benefit, to explain why police arrested Defendant instead of Roderick
> Norvell. The contention supports Defendant's argument that Roderick Norvell,
> not Defendant Reid, joined with Scandrick in shooting Ousley. Such a decision is
> a matter of trial tactics. Reviewing courts must indulge in a strong presumption
> that counsel's conduct was not improper, and reject post-trial scrutiny of an act or
> omission that was a matter of trial tactics merely because it failed to avoid a
> conviction. *Strickland*.

Doc. 7-10 at PageID 212-14.

The Ohio Court of Appeals correctly identified and laid out the two-pronged *Strickland v. Washington* test -- requiring a defendant to demonstrate that (1) his counsel's performance was deficient, and (2) he was prejudiced as a result of the alleged deficient performance -- in analyzing Petitioner's Sixth Amendment ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687. Further, the Ohio Court of Appeals correctly recognized that, under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted).

Further, in evaluating an ineffective assistance claim on *habeas* review, the court must not only apply the deferential *Strickland* standard, but must apply an additional level of deference under § 2254(d):

> Establishing that a state court's application of *Strickland* was unreasonable under
> § 2254(d) is all the more difficult. The standards created by *Strickland* and
> § 2254(d) are both highly deferential, and when the two apply in tandem, review
> is doubly so. The *Strickland* standard is a general one, so the range of reasonable
> applications is substantial. Federal *habeas* courts must guard against the danger of
> equating unreasonableness under *Strickland* with unreasonableness under
> § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions
> were reasonable. The question is whether there is any reasonable argument that
> counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 131 S. Ct. at 788 (internal citations and quotations omitted).

The Court first notes that Ohio courts allow evidence of prior felony convictions in order to prove the defendant was "under a disability." *State v. Twyford*, 763 N.E.2d 133, 143-44 (Ohio 2002); *see also* Ohio Rev. Code § 2923.13(A).  Indeed, Ohio's Second District Court of Appeals has held that a trial court is not required to accept an offer to stipulate to the existence of a prior conviction in such a case.  *State v. Smith*, No. 18654, 2001 Ohio App. LEXIS 3503, at *14-15, 2001 WL 896778, at *5 (Ohio Ct. App. Aug. 10, 2001); *see also Williams v. Sheets*, No. 3:07-cv-394, 2011 U.S. Dist. LEXIS 29330, at *26-28, 2011 WL 1075921, at *10 (S.D. Ohio Feb. 2, 2011) (Ovington, M.J.), *adopted in* 2011 U.S. Dist. LEXIS 29315, at *2-5, 2011 WL 1113242, at *1-2 (S.D. Ohio Mar. 21, 2011) (Rice, J.).  To that end, as the Ohio Court of Appeals acknowledged, to prevent the jury from learning of his prior murder conviction, Petitioner had to plead guilty to or waive his right to a jury trial with respect to that charge.  *See* doc. 7-10 at PageID 213.  In either situation, Petitioner's consent was necessary.  Without any evidence to the contrary, and in light of the strong presumption under *Strickland* that counsel rendered effective assistance, the Ohio Court of Appeals reasonably found that his counsel could have discussed these options with Petitioner, but Petitioner decided not to pursue those alternatives.  *See Strickland*, 466 U.S. at 689-90.

Conversely, as the Ohio Court of Appeals reasoned, once the trial court ruled that the State was permitted to admit evidence of his prior murder conviction to prove Petitioner was guilty of having a weapon while under a disability, *see* doc. 7-37 at PageID 546, Petitioner's attorney reasonably could have decided that it would be better trial strategy to use the prior conviction to his advantage -- *i.e.*, by suggesting that the police charged Petitioner with murder, rather than another suspect at the scene, simply because Petitioner had a prior murder conviction. *See* doc. 7-10 at PageID 213-14.  Indeed, this strategy is consistent with counsel's theory of the case as laid out during the opening and closing arguments.  *See, e.g.*, doc. 7-37 at PageID 595;

doc. 7-38 at PageID 1011, 1014.

As the Supreme Court stated in *Strickland*:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Strickland*, 466 U.S. at 689 (internal citations omitted).  Petitioner here has failed to overcome the presumption that counsel's decision "might be considered sound trial strategy."  *See id.* *Accord Bradley v. Birkett*, 192 F. App'x 468, 475-76 (6th Cir. 2006) (rejecting an ineffective assistance of counsel claim for failure to stipulate to a prior conviction because there was reasonable speculation that the decision was "sound trial strategy").  Accordingly, the Ohio Court of Appeals' decision was not an objectively unreasonable application of *Strickland v. Washington*.  Ground Two should therefore be dismissed.

### D. Ground Three

In Ground Three, Petitioner raises the same claim he argued to the Ohio Court of Appeals: his felony murder, felonious assault, and having a weapon while under disability convictions are allied offenses of similar import that must be merged for conviction.  *See* doc. 7-1 at PageID 8.  The Ohio Court of Appeals agreed with Petitioner with respect to the felony murder and felonious assault offenses, remanding the case to the trial court for merger of those offenses and re-sentencing.  *See* doc. 7-10 at PageID 214-21.  The trial court then re-sentenced Petitioner in accordance with the Ohio Court of Appeals' decision.  *See* doc. 7-12.  To the extent the state court provided Petitioner with his requested relief, his claim is now moot.  "A federal court has no authority to render a decision upon moot questions or to declare rules of law that

cannot affect the matter at issue." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001); *accord Huffman v. Brunsman*, 650 F. Supp. 2d 725, 735 (S.D. Ohio 2008) (finding a *habeas* claim moot because petitioner received the relief he requested when the Ohio Court of Appeals remanded the case to the trial court for re-sentencing).

The only argument with which the Ohio Court of Appeals apparently disagreed was whether the having a weapon while under a disability offense must be merged with the murder and/or the felonious assault offenses.  However, this claim is procedurally barred due to Petitioner's failure to exhaust his state court remedies.  Although Petitioner presented this issue to the Ohio Court of Appeals, *see* doc. 7-8, he did not raise the argument in his appeal to the Supreme Court of Ohio.  *See* doc. 7-16.  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan*, 526 U.S. at 845-48; *Williams*, 460 F.3d at 806-07 (holding a *habeas* claim is procedurally defaulted because, although the petitioner had raised the issue before the Ohio Court of Appeals, he failed to raise the issue before the Supreme Court of Ohio in his direct appeal).

Accordingly, the Court cannot consider the merits of this claim, unless Petitioner "demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice."  *Williams*, 460 F.3d at 805-06. To establish cause, Petitioner "must show more than mere error, he must establish a substantial reason to excuse the default."  *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009).  Cause must be "some objective factor external to the defense."  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  If Petitioner fails to establish cause, the Court need not consider prejudice.  *Id.* at 497.  Petitioner did not respond Respondent's procedural default argument in his Traverse, and thus made no attempt to show cause.  *See* doc. 10.  Further, the Court does not independently find any other basis to excuse his

procedural default.  Accordingly, to the extent Ground Three is not moot, it should be dismissed as procedurally barred.

### E.  Grounds Four and Five

In Ground Four, Petitioner claims the trial court erred in sentencing him on repeat violent offender and firearm specifications attached to most of the charges -- claiming they are "duplicitous."[5]  *See* doc. 1 at PageID 9.  Ground Five provides:  "The trial court erred in allowing the offense of complicity to enter the trial and instructing the jury since the offense was not charged in the indictment."  *Id.* at PageID 10.

Grounds Four and Five are procedurally defaulted because Petitioner failed to appeal these issues to the Supreme Court of Ohio.  *See* doc. 7-16; *see O'Sullivan*, 526 U.S. at 845-48; *Williams*, 460 F.3d at 806-07.  Further, Petitioner has not even attempted to establish cause, *see* doc. 10, and the Court does not independently find any other basis to excuse his procedural default.  Accordingly, Grounds Four and Five should be dismissed.[6]

Additionally, Ground Four is now moot as a result of Petitioner's re-sentencing: all firearm specifications were merged into one specification for which he received a three-year sentence; and one repeat violent offender specification, for which he received a six-year

---

[5] Ground Four claim is now moot as a result of Petitioner's re-sentencing: all firearm specifications were merged into one specification for which he received a three-year sentence; and one repeat offender specification for which he received a six-year sentence.  *See* doc. 7-12.

[6] Moreover, assuming, *arguendo*, that Ground Five were properly preserved for *habeas* review, it fails on the merits.  There is no federal constitutional right to a grand jury indictment in state prosecutions. *Williams v. Haviland*, 467 F.3d 527, 532 (6th Cir. 2006).  In fact, the U.S. Constitution "does not require an indictment at all if sufficient notice of the charges is given in some other manner." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  The Due Process Clause "mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  *Id.*  The Ohio Court of Appeals correctly found this argument unwarranted because "Ohio's complicity statute, R.C. 2923.03, … specifically provides that a charge of complicity may be stated in terms of that section, or in terms of the principal offense. R.C. 2923.03(F)." Doc. 7-10 at PageID 223.  In light of Ohio's complicity statute, Petitioner had sufficient notice of the possibility that the jury might be given a complicity instruction.  *Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986).  Ground Five accordingly fails on the merits as well.

sentence. *See* doc. 7-12. Moreover, assuming, *arguendo*, that Ground Five was properly preserved for *habeas* review, it fails on the merits. There is no federal constitutional right to a grand jury indictment in state prosecutions. *Williams v. Haviland*, 467 F.3d 527, 532 (6th Cir. 2006). In fact, the U.S. Constitution "does not require an indictment at all if sufficient notice of the charges is given in some other manner." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). The Due Process Clause "mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Id.* The Ohio Court of Appeals correctly found this argument unwarranted because "Ohio's complicity statute, R.C. 2923.03, … specifically provides that a charge of complicity may be stated in terms of that section, or in terms of the principal offense. R.C. 2923.03(F)." Doc. 7-10 at PageID 223. In light of Ohio's complicity statute, Petitioner had sufficient notice of the possibility that the jury might be given a complicity instruction. *Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986). Ground Five, accordingly, fails on the merits as well.

### III. RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that:

1. Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED WITH PREJUDICE**;

2. This case be **TERMINATED** upon the Court's docket;

3. Because Defendant has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not disagree with this conclusion, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), Defendant be **DENIED** any requested certificate of appealability; and

4. The Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not be taken in objective good faith, and therefore Plaintiff be **DENIED** *in forma pauperis* status on such an appeal. *See* 28 U.S.C. §1915(a)(3).

May 28, 2013                                                    s/ **Michael J. Newman**
                                                               United States Magistrate Judge

15

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).