IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY REID,

    Petitioner,

v.

WARDEN, CORRECTIONAL
RECEPTION CENTER

    Respondent.

:
:
:
:
:

Case No. 3:12-cv-144

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (DOC. #11) IN ITS
ENTIRETY; OVERRULING PETITIONER'S OBJECTIONS THERETO
(DOC. #14); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
(DOC. #1) WITH PREJUDICE; DENYING CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; TERMINATION ENTRY

---

Petitioner was convicted of felony murder, felonious assault, and having a weapon while under a disability. On May 28, 2013, United States Magistrate Judge Michael J. Newman issued a Report and Recommendation (Doc. #11), recommending that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. #1) be dismissed with prejudice. Petitioner was granted an extension of time to file Objections, and did so in a timely manner.

Although the petition asserted five grounds for relief, Petitioner objects to the Magistrate Judge's recommended disposition only with respect to Grounds One and Two. In Ground One, Petitioner argues that the trial court committed plain

error and violated his due process rights "by allowing the State to introduce and argue his prior conviction in Arizona for murder in the 1st degree." In Ground Two, Petitioner argues that he was denied his right to effective assistance of counsel when his attorney failed "to offer to stipulate that Mr. Reid was a convicted felon for the crime of violence or to object to the introduction of the name and nature of the prior conviction of 1st degree murder." Doc. #1, PageID ##5-6.

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael J. Newman, in his May 28, 2013, Report and Recommendation (Doc. #11), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filing in its entirety, and OVERRULES Petitioner's objections thereto (Doc. #14).

In so holding, the Court rejects Petitioner's contention that the state court never ruled on his motion in limine. In a conference, the state court specifically indicated, "[t]he Court is going to rule that the State can provide evidence of the prior murder conviction out of the State of Arizona in order to satisfy one of the essential elements of the having weapons under disability count." Doc. #7-37, PageID#546.

Although a stipulation as to the prior conviction may have been less prejudicial, the state court would not have been required to accept it even if offered. *See State v. Smith*, No. 18654, 2001 WL 896778, at **5-6 (Ohio Ct. App. Aug. 10, 2001) ("even if a defendant asks the court to permit him to

stipulate to the prior conviction and consider it outside the presence of the jury, the court is not required to grant the defendant's request"). Under *Spencer v. Texas*, 385 U.S. 554 (1967), the introduction of such evidence of a prior conviction, as a matter of state criminal procedure, does not violate a defendant's due process rights.

Moreover, because the prior conviction is a necessary element of the crime of having a weapon under a disability, and because the trial court is not obligated to accept a stipulation of a prior conviction, counsel's failure to stipulate does not amount to ineffective assistance of counsel. *See Hilliard v. Hudson*, 599 F. Supp.2d 921, 931 (N.D. Ohio 2009) (holding, under similar circumstances, that failure to stipulate to prior conviction did not constitute ineffective assistance of counsel and, because the trial court was not obligated to accept stipulation, petitioner could not show prejudice).

The Magistrate Judge correctly found that the state court's decision was not "contrary to," and did not involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Petition for a Writ of Habeas Corpus (Doc. #1) is therefore DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's

decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 23, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE